DANIEL L. VEAZIE *vs.* JOHN E. HOSMER & another.

The solvency of a debtor is inadmissible in evidence of the payment of his debt. But even after the rejection of such evidence when offered, the defendant cannot except to being asked on cross-examination about the amount, and about his taking the benefit of the insolvent laws.

In an action to recover for work done under a special contract, the jury were instructed that if the work had been only partly done, and the defendant had availed himself of the plaintiff's work, the plaintiff might recover what the work was reasonably worth to the defendant. *Held*, that the omission to instruct the jury that the plaintiff must have unintentionally failed to finish the work, and that they should deduct what it would cost the defendant to finish it according to the contract, was ground of exception.

ACTION OF CONTRACT to recover the sum of $50 for digging and walling a cellar in Acton. Writ dated August 5th 1855.

At the trial in the court of common pleas, before *Perkins*, J., the plaintiff introduced evidence tending to show that he did the work ; that $50 was a fair price for it; and that he made an agreement with the defendants to do the work for this sum. The defendants introduced evidence that Francis Tuttle " took the job of them for $50, and underlet it to the plaintiff," and that the plaintiff had been paid by Tuttle in part or in whole, and did not finish the job according to the agreement.

The defendants offered to show that one of them had visible property and was abundantly able to pay this or any other debt from the time of ending this work to the date of the writ. But this evidence was objected to and excluded as immaterial.

One of the defendants, on cross-examination, was asked what property he had when he went into insolvency in 1855 ; what property he made over to the messenger and assignee ; how much he owed, and what was the value of all his effects at that time. These inquiries were objected to by the defendants, but admitted by the court.

The judge instructed the jury that " if the defendants had employed the plaintiff to dig and stone up a cellar for the sum of $50, as stated in the declaration, and the plaintiff had sub-stantially done and completed the work as agreed upon, they should find a verdict for him for the price agreed upon and

interest from the date of the writ; but if they found that the contract had been only partly finished and completed, and the defendants had availed themselves of the plaintiff's labor on the cellar, the jury would find only what that labor was reasonably worth to the defendants; if, however, the plaintiff was not employed by the defendants to do the labor, but by some other person, they would find for the defendants." The jury returned a verdict of $25 for the plaintiff, and the defendants alleged exceptions.

*J. Q. A. Griffin,* for the defendants.

*G. M. Brooks,* for the plaintiff.

DEWEY, J. The rejection of the testimony as to the ability of Hosmer, one of the defendants, to pay his just debts at all times, furnished no ground for setting aside the verdict. It was collateral and immaterial upon the issue presented. *Hilton* v. *Scarborough,* 5 Gray, 422. The inquiries made of one of the defendants on cross-examination were perhaps equally immaterial and irrelevant, but being admitted under the latitude allowed in cross-examination, which is necessarily to some extent a matter within the discretion of the presiding judge, they are not the subject of exceptions.

The further ruling of the court upon the subject of damages cannot be sustained. It would exclude the defendants from the benefit of their specific contract to have the entire work done at a given price. The jury were instructed that "if the contract had been only partly finished and completed, and the defendants had availed themselves of the plaintiff's labor on the cellar, the jury would find only what that labor was reasonably worth to the defendants." This instruction seems to omit the qualification usually engrafted in instructions, where a party seeks to recover upon a contract that has not been literally fulfilled, viz: "that the party has acted in good faith and has unintentionally failed." It is also objectionable in not stating the rule to be, in cases where the omission is a failure to comp'ete the work, and is capable of being remedied by additional labor or materials, to deduct from the contract price such sum as would be necessary to complete the work according to the contract.

In the case of *Gleason* v. *Smith*, 9 Cush. 485, to the instruc-
tions that the plaintiff might recover so much as his work and
labor and materials were worth to the defendant, was super-
added that the jury should deduct from the contract price so
much as the dam built by him was worth less than the dam con-
tracted for. .Without this latter instruction, it was said by the
court that the earlier statement could not be authorized. The
question in that case was whether, with the additional instruc-
tion, the ruling could be sustained, the more proper one in such
a case being that first indicated. In *Snow* v. *Ware*, 13 Met. 42,
the ruling, on a careful examination, will be found to conform
to the doctrine now advanced.          *Exceptions sustained.*